[Cite as *State v. Barrett*, 2019-Ohio-2786.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2018-09-006 |
| | | CA2018-10-012 |
| | : | |
| - vs - | : | O P I N I O N |
| | : | 7/8/2019 |
| BRANDON LEE BARRETT, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2018-2117

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 200 East Cherry Street, Georgetown, Ohio 45121, for appellee

Stephen P. Hardwick, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Brandon Lee Barrett, appeals from his conviction and sentence in the Brown County Court of Common Pleas for failure to provide notice of a change of address. For the reasons set forth below, judgment is reversed, Barrett's conviction is vacated, and Barrett is discharged.

{¶ 2} On February 17, 2006, Barrett was convicted of unlawful sexual conduct with a

minor in Clermont County Court of Common Pleas Case No. 05-CR-00661. Barrett was sentenced to five years of community control, which included four months in the county jail. Barrett was classified as a sexually oriented offender and, pursuant to the version of R.C. 2950.07(B)(3) in effect at the time of his conviction, was required to register as a sex offender for ten years.

{¶ 3} On December 12, 2006, Barrett violated the terms of his community control in the Clermont County case. The court continued Barrett on community control but ordered him to serve six months in jail. Barrett violated his community control a second time and, on April 3, 2008, his community control was revoked. Barrett was sentenced to an 18-month prison term.

{¶ 4} On June 26, 2017, Barrett was convicted of failure to provide notice of a change of address in Hamilton County Court of Common Pleas Case No. B1701306. Barrett was sentenced to a six-month prison term.

{¶ 5} On March 21, 2018, Barrett filled out a Registration Form and Notice of Registration Duties of Sexual Oriented Offender Form with the Brown County Sheriff's Office. Barrett listed his mother's address in Hamersville, Brown County, Ohio as his address. Subsequently, in April 2018, the sheriff's office discovered that Barrett was no longer residing at the address he had registered. As a result, Barrett was indicted in the Brown County Court of Common Pleas on one count of failure to provide notice of a change of address in violation of R.C. 2950.05(F)(1), a felony of the third degree. The indictment alleged that the offense occurred between April 3, 2018 and April 13, 2018, and set forth Barrett's prior conviction for failing to provide a notice of change of address in Hamilton County Court of Common Pleas Case No. B1701306.

{¶ 6} Barrett pled not guilty to the charge and a bench trial was held on August 31,

2018. At this time, certified copies of judgment entries from Barrett's convictions in Hamilton County Case No. B1701306 and Clermont County Case No. 05-CR-00661 were entered into evidence by stipulation of the parties. The state then called Brown County Sheriff's Deputy Jamie Watters and Barrett's mother as witnesses. Watters testified about the Registration Form and Notice of Registration Duties of Sexual Oriented Offender Form Barrett had completed and provided to the sheriff's office on March 21, 2018. The forms were admitted into evidence by the trial court. These forms indicated that in addition to Barrett's 2006 conviction in Clermont County and his 2017 conviction in Hamilton County, Barrett had also been convicted in 2009 for failure to provide a change of address. The forms did not indicate, however, what court the conviction arose out of or whether Barrett had been imprisoned as a result of the 2009 conviction.

{¶ 7} Watters testified that on March 21, 2018, Barrett had indicated he was living at his mother's home in Hamersville, Ohio with his mother and his grandfather. On April 10, 2018 and April 12, 2018, sheriff's deputies were sent to Barrett's mother's home to verify Barrett was still living at that address. Barrett was not present at the address on either visit and the deputies were informed that Barrett was no longer residing at the home.

{¶ 8} Watters testified Barrett called her on April 12, 2018. Barrett was instructed to come into the sheriff's office later that day to discuss his living arrangements. After Barrett failed to appear, Watters filed charges for his failure to provide notice of a change of address.

{¶ 9} Barrett's mother testified Barrett began living with her on March 18, 2018, the same day he was released from prison. When sheriff's deputies arrived at her home on April 10, 2018 and April 12, 2018, Barrett's mother informed the deputies that Barrett was no longer living at the residence. However, on cross-examination, Barrett's mother claimed she had lied to the deputies about Barrett's living arrangements. She testified Barrett had, in fact,

been spending his nights at her residence. However, Barrett's mother acknowledged that she had not been staying at her residence in early April 2018, and therefore had not observed Barrett staying overnight at her home.

{¶ 10} Following Barrett's mother's testimony, the state rested its case-in-chief. Barrett moved for acquittal pursuant to Crim.R. 29, arguing the state had failed to prove that he had a duty to register between April 3, 2018 and April 13, 2018. Barrett contended that the ten-year registration requirement for his 2006 conviction had expired and the state had failed to present evidence demonstrating the registration period had been tolled due to his imprisonment.

{¶ 11} The trial court overruled Barrett's motion for acquittal. Barrett presented testimony from his grandfather. Barrett's grandfather testified Barrett was "in and out" of the Hamersville home and was sometimes living with his girlfriend. However, Barrett left clothing and personal belongings at his mother's home.

{¶ 12} After considering the foregoing testimony, the trial court found Barrett guilty of failing to provide notice of a change of address. The trial court imposed a 36-month mandatory prison term for the offense.

{¶ 13} Barrett timely appealed his conviction and sentence, raising three assignments of error.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED BY FAILING TO GRANT MR. BARRETT'S MOTION FOR JUDGEMENT OF ACQUITTAL BECAUSE THE STATE FAILED TO PROVE THAT HIS DUTY TO REGISTER AS A SEXUALLY ORIENTED OFFENDER WAS TOLLED FOR LONG ENOUGH THAT HE STILL HAD A DUTY TO REGISTER TWELVE YEARS AND TWO MONTHS AFTER HIS INITIAL CONVICTION.

{¶ 16} In his first assignment of error, Barrett argues the trial court erred by denying his Crim.R. 29 motion for acquittal as the state presented insufficient evidence that he had a duty to register as a sexual offender and provide notice of a change of address between April 3, 2018 to April 13, 2018. Barrett contends that in order to establish that the 10-year registration requirement for his February 2006 conviction extended into April 2018, the state had to present evidence that the duration of his registration requirement had been tolled due to time he spent incarcerated. As the state failed to introduce any evidence of the time he actually spent incarcerated, Barrett contends there was insufficient evidence to support his conviction.

{¶ 17} Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion under the same standard as that used to review a sufficiency-of-the-evidence claim. *State v. Mota*, 12th Dist. Warren No. CA2007-06-082, 2008-Ohio-4163, ¶ 5; *State v. Huston*, 12th Dist. Fayette Nos. CA2006-05-021 and CA2006-06-022, 2007-Ohio-4118, ¶ 5.

{¶ 18} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime proven beyond a reasonable doubt."

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶ 19}** As a result of Barrett's February 2006 conviction for unlawful sexual conduct with a minor, Barrett was required to register as a sexual offender for ten years. *See* former R.C. 2950.07(B)(3). Anytime Barrett changed his address, he was required by R.C. 2950.05(A) to provide notice to the sheriff of the county with whom he had most recently registered his address. Pursuant to R.C. 2950.05(F)(1), "[n]o person who is required to notify a sheriff of a change of address pursuant to [R.C. 2950.05(A)] * * * shall fail to notify the appropriate sheriff in accordance with that division."

**{¶ 20}** A sexual offender's duty to register is tolled when the offender is incarcerated. Pursuant to R.C. 2950.07(D),

> [t]he duty of an offender * * * to register under this chapter is tolled for any period during which the offender * * * is returned to confinement in a secure facility for any reason or imprisoned for an offense when the confinement in a secure facility or imprisonment occurs subsequent to the date determined pursuant to division (A) of this section. The offender's * * * duty to register under this chapter resumes upon the offender's * * * release from confinement in a secure facility or imprisonment.

**{¶ 21}** At trial, the state presented certified copies of judgment entries relating to Barrett's February 17, 2006 Clermont County conviction for unlawful sexual conduct with a minor, his December 12, 2006 violation of community control for that offense, the April 3, 2008 revocation of Barrett's community control in the Clermont County case, and his June 26, 2017 Hamilton County conviction for failure to provide notice of a change of address. These judgment entries indicate Barrett was sentenced to a total of 24 months imprisonment: 18 months in the Clermont County case and 6 months in the Hamilton County Case.[1]

---

1. At the time Barrett's community control was revoked in the Clermont County case and he was sentenced to an 18-month prison term, Barrett was entitled to receive jail-time credit for time served "arising out of the offense

However, the state did not present any evidence of the time Barrett actually spent incarcerated as a result of these convictions.

**{¶ 22}** Even if we were to assume that Barrett did not obtain early release and served the entire 24 months in prison for his Clermont County and Hamilton County convictions, Barrett's duty to register as a sexually oriented offender expired in February 2018. The state failed to present any evidence that Barrett had been incarcerated, and the time he was required to register tolled, beyond the 24 months detailed above. The Notice of Registration Duties of Sexual Oriented Offender Form completed by Barrett on March 21, 2018 indicated Barrett had a 2009 conviction for failing to provide notice of a change of address but the form did not indicate whether Barrett had been imprisoned as a result of this conviction. Similarly, Barrett's mother testified at trial that Barrett had moved into her residence on March 18, 2018, the "day he got released from prison," but there was no testimony or evidence presented detailing how long Barrett had been imprisoned in 2018. Based on the record before us, we find that no rational trier of fact could have found that Barrett had a duty to register as a sex offender between April 3, 2018 and April 13, 2018, the timeframe set forth in the indictment.

**{¶ 23}** The state contends that Barrett "acknowledged his duty to register" by filling out the Registration Form and Notice of Registration Duties of Sexual Oriented Offender Form with the Brown County Sheriff's Office on March 21, 2018. However, as the Ohio Supreme Court has previously acknowledged, an individual's decision to register as a sexual offender is not evidence that a defendant had a duty to register. *See State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, ¶ 52-56. An individual may choose to register "[i]n an abundance of

_____

for which the prisoner was convicted and sentenced" pursuant to R.C. 2967.191. Barrett, therefore, received credit against his 18-month prison term for the four- and six-month jail terms imposed in Clermont County Case No. 05-CR-00661 as part of his community control sanctions.

caution," despite not having a duty to register under the law. *Id.* at ¶ 52. Furthermore, a perceived duty to register on March 21, 2018 is not evidence of a duty to register two or more weeks later, in April 2018.

{¶ 24} "[A] court cannot assume that a defendant is under a duty to register merely because law enforcement claims that he is." *Id.* at ¶ 56. "[C]ourts are * * * the independent venue for sorting out law enforcement's allegations, on the basis of actual proof." *Id.*

{¶ 25} As the state failed to present actual proof that Barrett had a duty to register as a sexually oriented offender between April 3, 2018 and April 13, 2018, we find insufficient evidence to support his conviction and conclude that the trial court erred when it denied Barrett's Crim.R. 29 motion for acquittal. Barrett's first assignment of error is, therefore, sustained. Barrett's conviction is reversed and vacated, and double jeopardy attaches to bar the state from reprosecuting the charge. *See State v. Verga*, 12th Dist. Warren No. CA2014-11-134, 2015-Ohio-2582, ¶ 14.

{¶ 26} Assignment of Error No. 2:

{¶ 27} THE TRIAL COURT ERRED BY FINDING THAT IT WAS REQUIRED TO IMPOSE THE MAXIMUM PRISON TERM.

{¶ 28} Assignment of Error No. 3:

{¶ 29} TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT WHEN THE TRIAL COURT ERRONEOUSLY STATED THAT A THREE-YEAR PRISON TERM WAS MANDATORY.

{¶ 30} In his second assignment of error, Barrett challenges the court's imposition of a 36-month prison term for his conviction for failing to provide notice of a change of address, arguing the court was mistaken when it found it was required to impose a mandatory 36-month prison term under R.C. 2950.99. In his third assignment of error, Barrett contends his

trial counsel provided ineffective assistance of counsel for failing to object to the trial court's imposition of a 36-month prison term.

**{¶ 31}** Given our disposition of Barrett's first assignment of error, it is unnecessary to reach the merits of his second and third assignments of error. The assignments are moot. *See* App.R. 12(A)(1)(c); *State v. Honeycutt*, 12th Dist. Warren No. CA2013-02-018, 2014-Ohio-352, ¶ 39.

**{¶ 32}** Judgment reversed, Barrett's conviction is vacated, and Barrett is hereby discharged.

S. POWELL and M. POWELL, JJ., concur.